State v. Little

---

STATE OF NORTH CAROLINA v. ROBERT LEE LITTLE

No. 7419SC373

(Filed 1 May 1974)

Criminal Law § 90— State's witness — cross-examination by solicitor

     The trial judge did not abuse his discretion in declaring a State's witness hostile and in permitting the solicitor to cross-examine him where the solicitor began his cross-examination, whereupon the jury was excused, the solicitor then brought out a number of contradictions in the witness's testimony, and the court thereupon declared the witness hostile and allowed him to be cross-examined in the presence of the jury.

State v. Little

ON *certiorari* to review judgment of *Seay, Judge,* 14 May 1973 Session of Superior Court held in CABARRUS County.

Defendant was tried on a bill of indictment charging that on 19 February 1973, he did "unlawfully, willfully and feloniously commit an assault on one Mary Alice Carter, a female, with intent feloniously, by force and against her will to ravish and carnally know the said Mary Alice Carter." The alleged victim was 12 years old. Defendant pleaded not guilty, the jury returned a verdict of guilty as charged, and the court adjudged that he be imprisoned for a term of 15 years. We allowed defendant's petition for a writ of certiorari to perfect a late appeal.

*Attorney General Robert Morgan, by Assistant Attorney General James L. Blackburn, for the State.*

*Johnson & Jenkins, by Cecil R. Jenkins, Jr., for defendant appellant.*

BRITT, Judge.

Defendant's sole assignment of error concerns whether the court abused its discretion in allowing the prosecuting attorney to cross-examine and impeach his own witness, Tim Cauble [Cauble]. Cauble testified: He (Cauble) was employed by the State Highway Commission as a truck driver and was hauling rock from a gravel pit on the day in question and had passed the shack (the alleged scene of the assault) where defendant was stationed to count the loads hauled; that he picked up the last load of the day and went by the shack; that defendant was inside when he stopped but defendant came right out; that he thinks the door to the shack was closed when he drove up; that the door had been closed "off and on" all day; that defendant raked the rock on the truck while he (Cauble) was outside the truck; and that he saw nothing unusual, or any other person, about the shack on this occasion. On cross-examination by defense counsel, he testified that he went into the shack to see how many loads he had hauled that day and that he saw no one else in the building.

After defendant's cross-examination of Cauble, the prosecuting attorney began questioning him about a conversation the witness had with SBI Agent Giles Berrier two days after the alleged assault. At that point the jury was excused from the courtroom. The State then brought out a number of contradic-

tions in the witness' testimony, including that he had stated that it was unusual for the door of the shack to be closed and for defendant not to rake the gravel on the truck, which he did not do, and that he had not told Berrier about being in the shack but rather indicated that he had not stopped. The court then declared Cauble a hostile witness and permitted him to be cross-examined by the solicitor in the presence of the jury. On the solicitor's cross-examination, the witness admitted that two days after the incident he told Agent Berrier that defendant was not outside the shack as he usually was when Cauble approached with his load of gravel; that the door to the shack was shut which was unusual; that after stopping momentarily defendant came out of the shack but did not smooth down the loose gravel; and that he (Cauble) drove away from the shack and saw nothing further regarding the alleged assault. Agent Berrier was then called as a witness for the State and related, for purpose of corroboration, statements made to him by Cauble two days after the alleged assault.

In another of his classical opinions, *State v. Tilley*, 239 N.C. 245, 79 S.E. 2d 473 (1954), Justice Ervin succinctly states the law on the question presented. We quote from page 251: "The trial judge has the discretionary power to permit a party to cross-examine his own witness for a legitimate purpose. [Citations.] Accordingly, the trial judge may let a party cross-examine his own witness, who is hostile or who surprises him by his testimony, for the purpose of refreshing the recollection of the witness and enabling him to testify correctly. [Citations.] In so doing, the trial judge may permit the party to call the attention of the witness directly to statements made by the witness on other occasions. [Citations.]"

We hold, under the facts appearing in this case, that the trial judge did not abuse his discretion in declaring Cauble a hostile witness and permitting the solictor to cross-examine him.

No error.

Judges HEDRICK and CARSON concur.